```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                      Case No.: 8:10-cr-438-VMC-AAS

ANTONIO CORTEZ HARRIS, JR.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Antonio Cortez Harris, Jr.'s pro se Motion for Compassionate Release (Doc. # 546), filed on March 3, 2021. The United States of America responded on March 24, 2021. (Doc. # 548). For the reasons that follow, the Motion is denied.

**I.   Background**

In March 2012, the Court sentenced Harris to 384 months' imprisonment for using or carrying a firearm in furtherance of a crime of violence, which was subsequently reduced to 262 months. (Doc. ## 328, 349, 409). Harris is 31 years old and is expected to be released in April 2029. (Doc. # 548 at 2).

In his Motion, Harris seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his medical conditions, and the method in which his original sentence was calculated.

1

(Doc. # 546). The United States has responded (Doc. # 548), and the Motion is ripe for review.

## II. Discussion

The United States argues that the Motion should be denied on its merits. (Doc. # 548). Assuming that Harris has exhausted his administrative remedies, the Court agrees with the United States and denies the Motion because Harris's circumstances are not extraordinary and compelling.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Harris is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).[1] Harris bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2

---

[1] The Court is aware that it is not limited to the extraordinary and compelling reasons outlined in USSG § 1B1.13. See, e.g., United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020)("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release. Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."); United States v. Barsoum, No. 8:11-cr-548-VMC-CPT, 2020 WL 3402341, at *2 (M.D. Fla. June 19, 2020)("Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Barsoum's circumstances are extraordinary and compelling."). Nevertheless, the Court considers the examples of extraordinary and compelling circumstances listed in the guideline helpful to the Court's analysis of whether the circumstances presented by Harris warrant compassionate release.

(M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Additionally, the Court is not convinced that Harris's other medical conditions — including diabetes, high cholesterol, high blood pressure, and high thyroid level — "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment. (n.1); (Doc. # 546 at 2-3, 13). Indeed, Harris acknowledges that he is receiving treatment and prescription medication to control these conditions. (Doc. # 546 at 2-3; Doc. # 546-1). Thus, his medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite

4

the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care."). Nor does the Court believe that the stacking of Harris's Section 924(c) convictions warrants compassionate release.

Even if Harris had established an extraordinary and compelling reason for compassionate release, this Court would still deny his Motion. Harris has not shown that he "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that granting compassionate release when Harris has served approximately 50% of his sentence would not adequately reflect the seriousness of the offense under Section 3553(a)(2)(A) given that the crime involved Harris and his co-defendants

5

"brandish[ing] firearms while robbing two 7-Elevens, on two distinctive days, placing their victims at gunpoint." (Doc. # 548 at 1-2, 7-8). Furthermore, the United States correctly notes that Harris has had a troubling disciplinary record in prison, including possessing a dangerous weapon on two occasions, refusing work, and other infractions. (Id. at 2; Doc. # 548-1). Therefore, compassionate release must be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Antonio Cortez Harris, Jr.'s pro se Motion for Compassionate Release (Doc. # 546) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of March, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE